[Crim. No. 30702. Second Dist., Div. Four. Apr. 10, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
MAXIE BROWN, JR., Defendant and Appellant.

**COUNSEL**

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender,

and Janice L. Feinstein, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Jack T. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON (Bernard), J.**—In a nine-count amended information, defendant Maxie Brown, Jr. and codefendant David Nolan Rollins were charged with the following offenses: in count I Rollins was charged with the commission of a robbery on August 20, 1975, in violation of Penal Code section 211. It was alleged that he used a firearm, namely, a rifle, during the commission of the offense. In count II, it was alleged that Rollins committed a robbery on August 31, 1975, in violation of Penal Code section 211. In count III, it was alleged that Rollins committed a robbery on September 6, 1975, in violation of Penal Code section 211. In count IV, it was alleged that Rollins committed an offense of robbery on September 7, 1975, in violation of Penal Code section 211. It was also alleged that during the commission of this offense, Rollins used a handgun, a firearm. In count V it was alleged that Rollins committed the crime of robbery on September 15, 1975, in violation of Penal Code section 211. It was alleged that during the commission of this offense Rollins used a handgun, a firearm.

In count VI, it was alleged that defendant Maxie Brown committed a robbery on September 29, 1975, in violation of Penal Code section 211. It was also alleged that during the commission of this offense Brown used a handgun, a firearm. In count VII it was alleged that Rollins and Brown committed a robbery on September 30, 1975, in violation of Penal Code section 211. It was also alleged that, during the commission of this offense, defendant Brown used a handgun, a firearm. In count VIII it was alleged that defendant Brown committed a robbery on October 6, 1975, in violation of Penal Code section 211. In count IX it was alleged that Rollins and Brown committed a robbery on October 6, 1975, in violation of Penal Code section 211. It is to be noted that the robbery charged in count IX occurred on the same date as the robbery charged in count VIII but the two counts do not refer to the same offense.

Defendant Brown and codefendant Rollins entered pleas of not guilty. They were jointly tried by a jury. Neither made a motion for severance of trial. Rollins was found guilty of the offenses charged in counts I, II, III, V, VII and IX, but not guilty of the offense charged in count IV. Defendant Brown was found guilty of the offenses charged against him in counts VI, VII, VIII and IX. All of the robberies charged against defendant Brown were fixed as robberies of the first degree. The jury also found the allegations of the use of firearms to be true as to defendant Brown.

Probation was denied and defendant Brown was sentenced to state prison for the term prescribed by law. The sentence imposed on count VII was ordered to run consecutively with that imposed on count VI. The trial court in its judgment expressly declared that it was making no statement regarding counts VIII and IX as to whether they were to run concurrently or consecutively. Defendant Brown has appealed from the judgment.[1]

The four robberies of which defendant Brown was convicted, two of which were committed by him alone and the other two with codefendant Rollins, were all robberies of markets or eating establishments.

The evidence presented against defendant Brown consisted of eyewitness identification testimony given by the victims of the various robberies, as well as circumstantial evidence. Defendant Brown's defense was an alibi with respect to each of the robberies charged against him. Brown testified in his own favor and also presented other witnesses to substantiate his alibi defense. Since no attack is made upon the sufficiency of the evidence to sustain the judgment, we find it unnecessary to set forth in detail the evidence presented by the prosecution to establish the commission of the various offenses.

Defendant Brown urges two errors for reversal of the judgment: (1) that the trial court erred in admitting into evidence codefendant Rollins' pretrial statement that implicated defendant Brown in the robbery charged in count VII; (2) that the trial court erred in giving CALJIC Instruction No. 2.03.

---

[1]No appeal has been taken by codefendant Rollins from the judgment.

I

*The Effect of the Testimony that Codefendant*
*Rollins Had Made a Pretrial Statement Implicating*
*Defendant Brown in the Robbery Charged in Count VII*

The robbery charged in count· VII was a robbery of a Mr. Taco restaurant in Glendora on September 30. Terry Catlett testified that she was working at this restaurant on the date in question and that about 1:50 p.m. a white man and a black man came up to the outside food-service window and ordered a drink. The black man remained at the window while the white man walked to the side of the building. The black man pointed a gun at her and told her to put all the money in a bag. She complied and then went to the back of the restaurant as she was instructed. She said she saw the black man then go to the side of the building where the white man had gone.

The record indicates that Terry was unable to identify either man positively at a lineup conducted a few days after the robbery. However, at the preliminary hearing, she did identify both defendants. At the trial, however, she was only able to positively identify codefendant Rollins. Her at-trial identification of defendant Brown left much to be desired.

. No evidence was offered by the prosecution that defendant Brown had made any pretrial admissions or confessions. However, the prosecution offered evidence that codefendant Rollins had made pretrial statements admitting that he had committed the various robberies charged against him individually as well as the September 30 robbery charged in count VII against both Rollins and Brown. In his pretrial statement, however, Rollins denied committing the October 6 robbery charged in count IX, which is also a robbery charged against defendant Brown. When Rollins took the stand to testify in his own behalf, he denied making any admissions to the police officers that questioned him.

In rebuttal the prosecution called Sergeant Wayne Fritz who gave the following testimony in response to the prosecutor's questions relating to the Mr. Taco robbery, the charge against both Rollins and defendant Brown in count VII:

"Q. Do you recall asking Defendant Rollins any questions in regards to a robbery that occurred at Mr. Taco in your City on September 30, 1975?

"A. Yes, I did.

"Q. Did the Defendant Rollins indicate whether or not he knew anything about that robbery?

"A. Yes, he did.

"Q. Did he indicate whether or not he was there at the robbery?

"A. Yes, he was.

"Q. Did he indicate whether or not he participated in the robbery?

"A. Yes, two parts of the robbery, yes.

"Q. What parts of the robbery did he indicate he participated in?

"A. He stated that he had driven to the area of Mr. Taco which is located on Arrow Highway in Glendora, with Mr. Brown and that he was driving the pickup truck, which he parked on Bonnie Cove and Arrow Highway at a service station near Mr. Taco; and that he and Mr. Brown walked to the Mr. Taco location.

"He, Mr. Rollins, purchased a coke and subsequently walked back to the street and waited for Mr. Brown to return to the truck, at which point they left the area.

"Q. Did he indicate whether or not he knew what Mr. Brown was going to do there?

"A. Yeah, he'd initially stated during the first part of the interview regarding Mr. Taco that he and Mr. Brown had gone to the location to commit a robbery.

"MR. JACOBS: I have no further questions."

The trial judge was informed that the prosecutor and defense counsel had agreed in advance that, insofar as the prosecution's case in chief was concerned, no questions would be asked of a police officer that would bring forth any pretrial statements of codefendant Rollins that would inculpate defendant Brown in any of the robberies. Defendant Brown made a motion for mistrial based upon Sergeant Fritz's testimony. The

motion for mistrial was denied but the court instructed the jury that any statements made by Rollins were not to be used by the jury for any purpose against defendant Brown.

██ Defendant Brown contends before us that the testimony elicited from Sergeant Fritz constitutes inadmissible hearsay and a violation of *People* v. *Aranda* (1965) 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265], and that this error was prejudicial and was not alleviated by the limiting instruction given by the trial judge. *Aranda* set forth the rule that it is error for the prosecution to introduce against a defendant a codefendant's pretrial statement that implicates the defendant. ██ "When the prosecution proposes to introduce into evidence an extrajudicial statement of one defendant that implicates a codefendant, the trial court must adopt one of the following procedures: (1) It can permit a joint trial if all parts of the extrajudicial statements implicating any codefendants can be and are effectively deleted without prejudice to the declarant. By effective deletions, we mean not only direct and indirect identifications of codefendants but any statements that could be employed against nondeclarant codefendants once their identity is otherwise established. (2) It can grant a severance of trials if the prosecution insists that it must use the extrajudicial statements and it appears that effective deletions cannot be made. (3) If the prosecution has successfully resisted a motion for severance and thereafter offers an extrajudicial statement implicating a codefendant, the trial court must exclude it if effective deletions are not possible." (*Aranda, supra,* 63 Cal.2d 518, 530-531; fn. omitted.) Here, neither of the three alternatives was adopted by the trial court.

██ The People urge that no *Aranda* error is involved in the case at bench since codefendant Rollins became a witness and testified, thus precluding defendant Brown from urging any violation of constitutional due-process or witness-confrontation rights. This view lacks merit as *Aranda* specifically sets forth that the principles adopted "are to be regarded, not as constitutionally compelled, but as judicially declared rules of practice to implement [Pen. Code] section 1098." (*Id.,* at p. 530; fn. omitted.)

In addition, the *Aranda* court made clear that in the case of a joint trial, it would not condone the practice of admitting in evidence a defendant's confession that implicates his codefendant. "Whether or not it is constitutionally permissible, the practice is prejudicial and unfair to the nondeclarant defendant and must be altered." (*Aranda, supra,* 63 Cal.2d 518, 530.)

In *In re Rosoto* (1974) 10 Cal.3d 939, 951-952 [112 Cal.Rptr. 641, 519 P.2d 1065, 69 A.L.R.3d 980], the court stated: "We held in *Hill* [*In re Hill* (1969) 71 Cal.2d 997 (80 Cal.Rptr. 537, 458 P.2d 459)], that until 'such time as the Supreme Court affirmatively indicates that cross-examination of the confessing codefendant at trial is adequate under the confrontation clause, we feel compelled to hold that the admission of his confession is constitutional error of the type condemned by *Bruton.*' (*Id.,* at p. 1013.) The United States Supreme Court subsequently held that when the confessing codefendant takes the stand in his own defense, denies making the alleged out-of-court statement and testifies favorably to the defendant, there has been no denial of the defendant's rights protected by the Sixth and Fourteenth Amendments. [Citation.]" (See *Nelson* v. *O'Neil* (1971) 402 U.S. 622 [29 L.Ed.2d 222, 91 S.Ct. 1723].)

Although, by taking the stand, Rollins precluded the *Aranda* error from constituting a denial to defendant Brown of any constitutional rights protected by the Sixth and Fourteenth Amendments to the United States Constitution, his action did not eliminate the error. Rollins' taking the stand simply changed the standard for determining whether the *Aranda* error is reversible or not. In place of the prejudicial-per-se error (*Bruton* v. *United States* (1968) 391 U.S. 123 [20 L.Ed.2d 476, 88 S.Ct. 1620]), the error must be gauged under the standard of whether it is reasonably probable that a result more favorable to defendant would have been reached in the absence of the error. (*People* v. *Duran* (1976) 16 Cal.3d 282, 296 [127 Cal.Rptr. 618, 545 P.2d 1322]; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

In the case at bench the limiting instruction given by the trial judge cannot be deemed effective to nullify the error of introducing into evidence codefendant Rollins' pretrial statement that Rollins and defendant Brown had gone to the location of Mr. Taco to commit a robbery. The victim of the Mr. Taco robbery, Terry Catlett, made no at-trial positive identification of defendant as being one of the robbers involved. Defendant Brown had presented alibi testimony with respect to that offense. There was other testimony that identified Rollins and defendant Brown as being partners in the commission of an October 6 *market* robbery.

Under these circumstances, no limiting instruction to the jury could be expected to enable the jurors to put out of their minds what they had clearly heard as coming from codefendant Rollins, namely, that defendant Brown was the *black* man who had participated with codefendant

Rollins, a *white* man, in the Mr. Taco robbery. The instant case, therefore, is not unlike the similar result reached in *People* v. *Marbury* (1965) 63 Cal.2d 574 [47 Cal.Rptr. 491, 407 P.2d 667]. It is clearly reasonably probable that a result more favorable to defendant Brown would have been reached as to the Mr. Taco robbery charged in count VII had not codefendant Rollins' pretrial statement been admitted.

## II

### *Was It Error for the Trial Court To Give CALJIC Instruction No. 2.03?*

Defendant Brown advances the contention that the trial court committed reversible error in giving CALJIC Instruction No. 2.03. This instruction as given by the court was as follows: "If you find that before this trial *a* defendant made false or deliberately misleading statements concerning the charge upon which he is now being tried, you may consider such statements as a circumstance tending to prove a consciousness of guilt but it is not sufficient of itself to prove guilt. The weight to be given to such a circumstance and its significance, if any, are matters for your determination." (Italics added.)

Defendant Brown argues that it was error for the trial court to give CALJIC Instruction No. 2.03, since he had made no false or deliberately misleading pretrial statements concerning the offenses for which he was on trial. The People concede that the giving of CALJIC Instruction No. 2.03 was not justified if it had been made applicable to defendant Brown. Defendant relies upon *People* v. *Rubio* (1977) 71 Cal.App.3d 757, 769 [139 Cal.Rptr. 750], in which the court stated: "The giving of CALJIC No. 2.03 is justified only if there exists evidence that defendant prefabricated a story to explain his conduct. This instruction is *not* applicable in the situation where a defendant makes an explanation of behavior to the police which is *consistent* with his self-serving testimony at trial that conflicts with the prosecution's evidence before the jury. In such a case, the instruction of necessity casts specific doubt on a defendant's credibility as a witness and singles out *defendant's testimony* as subject to more particular scrutiny than that attached to prosecution witnesses." (Italics in original.)

It is the thesis of the People that the *Rubio* principle is not applicable to the case at bench since CALJIC No. 2.03, as given by the trial court in the instant case, was so worded that the jury would understand that it

was *not* applicable to defendant Brown. CALJIC Instruction No. 2.03 as set forth in West, California Jury Instructions, Criminal (3d ed. 1970) contains the phrase "*the* defendant made false or deliberately misleading statements." (Italics added.) The trial judge in the case at bench substituted "a" for "the" in the instruction. By referring to "a" defendant, the People argue that there was little possibility for the jury to apply the instruction to defendant Brown when he had not made any false or deliberately misleading pretrial statements.

We agree with the People's contention that the change in the wording of CALJIC Instruction No. 2.03, made in the case at bench, avoided the error pointed out in *Rubio*. But the question still arises of whether the instruction was properly applicable to codefendant Rollins. The pretrial statements of Rollins were all admissions or confessions that he had committed the offenses about which he was questioned with the exception of the October 6 market robbery charged in count IX, which he denied committing. In his trial testimony, codefendant Rollins denied committing any of the robberies. Thus, Rollins' pretrial statement regarding the October 6 market robbery was consistent with his in-trial testimony, while his pretrial admissions or confessions of committing the other robberies charged were inconsistent with his in-trial testimony.

It does not appear reasonable to construe the prosecution's evidence of Rollins' pretrial statements which admitted commission of the charged offenses as being offered by the prosecution to establish false or deliberately misleading statements concerning the charged offenses. The only statement of Rollins which could be termed false or deliberately misleading would be his denial statement regarding the October 6 market robbery charged in count IX. We held in *Rubio* that CALJIC Instruction No. 2.03 is not applicable to this latter situation in which a defendant's pretrial statement to the police is *consistent* with his self-serving testimony at trial that conflicts with the prosecution's at-trial evidence.

Rollins' pretrial denial of committing the October 6 market robbery was consistent with his denial testimony at trial. Both obviously conflicted with the at-trial evidence presented by the prosecution. We held in *Rubio* that CALJIC Instruction No. 2.03 was erroneous in such a case because "the instruction of necessity casts specific doubt on a defendant's credibility as a witness and singles out *defendant's testimony* as subject to more particular scrutiny than that attached to prosecution witnesses." (*Rubio, supra,* 71 Cal.App.3d 757, 769.) (Italics in original.)

But the fact that CALJIC No. 2.03 was thus erroneous as to codefendant Rollins, who has not appealed, cannot be asserted as error by defendant Brown since the instruction was not applicable to Brown nor was it reasonably probable that the jury would apply the instruction to him because it was erroneous as to Rollins. Other instructions given by the court were such as to emphasize that various instructions would apply to defendant Brown or to codefendant Rollins, depending upon the evidence presented. Thus, defendant Brown and codefendant Rollins requested the giving of CALJIC No. 2.62, which relates to the effect of a defendant's testifying. CALJIC Instruction No. 2.62 was modified as to make clear the distinction between the two defendants. In similar fashion, when the court gave CALJIC No. 2.70 defining admissions and confessions, the court substituted "a" for "the" in modifying the word defendant wherever it appeared in that instruction.

We conclude, therefore, that the judgment of conviction must stand with the exception of defendant Brown's conviction on count VII.

The judgment is modified to reverse Brown's conviction and sentence as to count VII. Except as so modified, the judgment is affirmed.

Bigelow, J.,* concurred.

**KINGSLEY, Acting P. J.**—I concur in the result. I see no reason, on this appeal, to discuss the hypothetical issue of whether the giving of CALJIC No. 2.03 was error as to codefendant Rollins who has not appealed. I therefore withhold comment on that part of the opinion and do not concur in it.

---

*Assigned by the Chairperson of the Judicial Council.